IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANDREA FETTER, | ) | |
| | ) | |
| Plaintiff, | ) | 3:16-cv-01193 |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAMS, RUSH & ASSOCIATES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, ANDREA FETTER, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, WILLIAMS, RUSH & ASSOCIATES, LLC, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.  ANDREA FETTER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Marion, County of Williamson, State of Illinois.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Lifeway Credit Union (hereinafter, "the Debt").

6. The Debt was for a personal loan, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. The Debt was for a personal loan, which was for the personal use of Plaintiff and/or used for household expenditure.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. WILLIAMS, RUSH & ASSOCIATES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant's principal place of business is located in the State of Texas. Defendant is registered as a limited liability company in the State of Texas.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

15. On or about October 3, 2016, Plaintiff received a telephone call from a duly authorized representative of Defendant, who stated that she was calling to collect the Debt from Plaintiff.

16. On or about October 3, 2016, during the course of a telephone call between Defendant and Plaintiff, Defendant stated that the matter was in "pre-legal" and that Defendant was starting the process to garnish Plaintiff's wages.

17. Defendant gave Plaintiff until 5:30 that evening to call Defendant back with a payment plan that was satisfactory to Defendant or else Defendant would proceed with garnishment.

18. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the Debt.

19. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the Debt.

20. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

21. The aforementioned representation had the effect of conveying to an unsophisticated consumer that Defendant had the immediate right to perform a wage garnishment.

22. Defendant's representations, as delineated above, were false, deceptive and misleading given that there was no present right or intent to garnish Plaintiff's wages, nor a means to perform a wage garnishment at the time Defendant made the aforesaid threat.

23. As a result of Defendant's conduct as described above, Plaintiff was intimidated into making a $200 payment by the aforementioned deadline of 5:30 that evening.

24. On October 3, 2016, after Plaintiff made the aforementioned payment of $200, Defendant told Plaintiff that she had 30 days to come up with a plan for how the rest of the payments will be made, or again, she will face a garnishment.

25. On or about October 10, 2016, Defendant initiated a telephone call to Plaintiff's father-in-law.

26. Despite having contact with Plaintiff, having a payment from Plaintiff, and despite being fully cognizant of Plaintiff's location, on October 10, 2016, Defendant proceeded to contact Plaintiff's father-in-law.

27. Plaintiff did not consent to Defendant contacting third parties.

28. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the Debt, the name of the creditor to whom the Debt is owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the debt collector.

29. In its attempts to collect the debt allegedly owed by Plaintiff to Lifeway Credit Union, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of

      any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

d. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

f. Failed to comply with the provisions of 15 U.S.C. §1692g(a);

g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ANDREA FETTER, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                              Respectfully submitted,
                              **ANDREA FETTER**

                     By:    s/ Larry P. Smith
                              Attorney for Plaintiff

Dated: October 28, 2016

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 324-3532
Facsimile: (888) 418-1277
E-Mail: lsmith@smithmarco.com